## JACKSON v. STATE.　(No. 10444.)

(Court of Criminal Appeals of Texas.　Nov. 24, 1926.)

**Intoxicating liquors ⬅236(7)—Evidence held to sustain conviction for possessing liquor for sale.**

Conviction for possessing intoxicating liquor for purpose of sale *held* sustained by evidence.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Vernon Jackson was convicted of possessing intoxicating liquor for the purpose of sale, and he appeals. Affirmed.

John E. Taylor, of Marshall, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Appeal is from a conviction for possessing intoxicating liquor for the purpose of sale, the punishment being two years in the penitentiary.

No objections are found complaining of any procedure during the trial, the only question being the sufficiency of the evidence.

Appellant was a young man 23 years of age. He was living with his father, Artie Jackson. Officers went to the home of the father and, in a search, found buried in the garden not far from the house a gallon jug of whisky, which they brought in the house, and told Artie Jackson to get his coat and come with them. Appellant was in another room, and, so far as the record shows, the officers did not know he was on the place. Upon hearing what they said to his father, appellant came into the room and said to the officer:

"Cap, that whisky belongs to me, and not the old man; he didn't have anything to do with it,"

—whereupon the officers also arrested him. He made himself a voluntary witness before the grand jury, there reiterating the statement made to the officers. Upon the trial, he claimed that the whisky belonged to his father and that he (appellant) knew nothing about it, but made the statement to the officers and grand jury to save his father, who already had two penalties over him for violating the law relative to intoxicating liquor, and who was in the penitentiary therefor when this case was tried. The issue raised by appellant's evidence was submitted to the jury in a manner acceptable to him. The jury settled the question in favor of the state. It was an issue of fact, the solution of which was the jury's peculiar province. We see no valid reason for disturbing the verdict.

The judgment is affirmed.